

**FILED & ENTERED**

**DEC 15 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOLANDA FORD,<br><br><br><br><br><br>Debtor(s). | Case No.: 2:22-bk-13649-WB<br><br>CHAPTER 13<br><br><br>**MEMORANDUM OF DECISION RE MOTION FOR RELIEF FROM STAY**<br><br>Date:   October 4, 2022<br>Time:   10:00 AM<br>Courtroom: 1375 |

This matter comes before the Court on a motion by Breckenridge Property Fund 2016, LLC ("Movant") for relief from the automatic stay ("Motion"). On October 4, 2022, a continued hearing on the Motion was held. At that time, the Court heard oral argument and took the matter under submission. The Court is now presented with its first opportunity to rule on the application of California Civil Code § 2924h(c) since the statute's amendment extending the safe harbor provision for recording a trustee's deed on sale postpetition. Based on the pleadings, record, and oral argument of the parties, and for the reasons that follow, the Court will grant the Motion under 11 U.S.C. §§ 362(d)(1) and (d)(2).

I.  FACTS AND PROCEDURAL POSTURE OF THE CASE

The central facts are not in dispute. Yolanda Ford ("Debtor") filed her chapter 13 bankruptcy case on July 5, 2022. Prior to that date, Debtor's residence located at 2627 West Vernon Avenue, Los Angeles, California 90008 ("Property") was purchased by Movant at a nonjudicial foreclosure sale on June 2, 2022. Two parties submitted notices of intent to bid on June 3, 2022 and June 14, 2022, respectively. The trustee's deed upon sale was signed on July 19, 2022 and recorded on July 21, 2022.

On August 22, 2022, Movant filed its Notice of Motion and Motion for Relief from the Automatic Stay or for Order Confirming that the Automatic Stay does not Apply Under 11 U.S.C. § 362(l) (Unlawful Detainer). Movant sought relief under § 362(d)(1)[1] for cause based on Movant's acquisition of the Property at a nonjudicial foreclosure sale prior to the commencement of the case and its recordation of the deed within the period provided by state law for perfection and, under § 362(d)(2), on the grounds that the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization. Alternatively, Movant sought annulment of the stay asserting that its actions were taken before Movant knew of the bankruptcy petition and that Movant would have been entitled to relief from stay to proceed with these actions. Movant also requested an order confirming that the actions taken to perfect title did not violate the automatic stay. Movant asserted that under the recently amended California Civil Code § 2924h(c), if a notice of intent to bid was submitted, recordation of the deed within 60 days of the sale perfected the sale as of the sale date. Movant claimed that it was entitled to the 60-day relation back window based on its opinion that there must have been a notice of intent to bid due to the timing of the issuance of the trustee's deed on sale and that the recording did not constitute a violation of the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

automatic stay based on In re Bebensee-Wong, 248 B.R. 820, 823 (9th Cir. BAP 2000).

Debtor filed an opposition to the Motion on August 30, 2022. Debtor asserted that there is equity in the Property and that the Property was necessary to an effective reorganization. Debtor asserted that the recordation of the deed of sale 16 days after the petition date and 49 days after the trustee's sale, was a violation of the automatic stay and that Movant was not entitled to the statutory relation back period for recording to perfect the sale as of the sale date. According to Debtor, the sale was void because the deed was recorded after the petition date and was not recorded during the 21-day safe harbor period following the sale.

Movant filed a late reply and provided a supplemental declaration of Olivia Reyes that included two notices of intent to bid that were received with respect to the sale of the Property. The first ("First Notice"), dated June 3, 2022, was a Non-Binding Written Notice of Intent to Bid from HomeEc, Inc., and included a Declaration of Eligible Bidder (Civ. Code § 2924m) also dated June 3, 2022. These documents were accompanied by a California All-Purpose Certificate of Acknowledgment dated as of March 1, 2022, attesting to the signature of Cecil McNab on behalf of HomeEc, Inc. The second notice ("Second Notice") was submitted by Skid Row Housing Trust and dated June 14, 2022. Since the reply was filed immediately prior to the scheduled hearing, the Court continued the hearing to allow Debtor the opportunity to submit a supplemental opposition.

Debtor submitted a supplemental brief challenging the notices of intent to bid submitted by Movant. Debtor asserted that the First Notice was invalid based on the fact that it appeared to be notarized 3 months before the foreclosure sale date and before the date of the notice. Further, Debtor challenged the foundation for Ms. Reyes' testimony to authenticate the notices of intent to bid.

II. DISCUSSION

A voluntary bankruptcy petition generally "operates as a stay, applicable to all entities of," *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

Section 362(b)(3) provides that § 362(a) does not operate as a stay of any act to perfect an interest in property and does not violate the automatic stay to the extent that the trustee's right and powers are subject to such perfection under § 546(b). 11 U.S.C. § 362(b)(3). Section 546(b), in turn "provides that a trustee's right to avoid a transfer pursuant to 11 U.S.C. §§ 544(a) or 549 is subject to any generally applicable law that permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection." In re Stork, 212 B.R. 970, 971 (Bankr. N.D. Cal. 1997). "Put another way, a party's postpetition perfection of its interest in estate property will not violate the stay if state law allows that party's interest to be superior to the interest of any entity (such as a trustee acting as a hypothetical bona fide purchaser) who obtains its interest prior to the date that the act to perfect is performed." In re Richter, 525 B.R. 735, 755 (Bankr. C.D. Cal. 2015).

Generally, state law determines the property interests of parties. Butner v. United States, 440 U.S. 48 (1979). In California, an interest in real property is "perfected" when it is recorded with the county recorder. Cal. Civ. Code §§ 1213-15. California's system of nonjudicial foreclosure is governed by a comprehensive scheme of statutes (California Civil Code §§ 2920-2923, 2924 et seq., amended by 2022 Cal. Legis. Serv. Ch. 642 (A.B. 1837) (WEST)). Until recently, section 2924h(c) of the Civil Code provided that "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale, or the next business day following the 21st day if the

county recorder in which the property is located is closed on the 21st day." Cal. Civ. Code § 2924h(c).

Pursuant to the 2019 California Senate Bill No. 1079 ("SB 1079"), California statutorily enlarged the grace period for recordation of the trustee's deed on sale under certain circumstances. See 2019 California S.B. No. 1079, California 2019-2020 Regular Session.[2] Aimed at giving families, renters, local governments and housing nonprofits an opportunity to purchase foreclosed homes after a trustee's sale closes, the new legislation identified two categories of individuals and organizations authorized to participate in a trustee's sale: (1) "eligible tenant buyers" and (2) "eligible bidders."[3] See 2019 California S.B. No. 1079, California 2019-2020 Regular Session. Now, section 2924h(c) of the Civil Code provides that if an eligible tenant buyer or an eligible bidder submits a written notice of intent to bid within 15 days following the sale, a trustee's sale remains "final upon acceptance of the last and highest bid" and is perfected as of 8:00 a.m. on the actual date of the sale if the trustee's deed "is recorded within 60 calendar days after the sale, or the next business day following the 60th day if the county recorder in which the property is located is closed on the 60th day." Cal. Civ. Code § 2924h(c).[4]

---

[2] SB 1079, signed into law on September 28, 2020, amended the nonjudicial foreclosure process for single-family residences and incorporated additional changes to sections 2923 and 2924. See id. Effective on January 1, 2021, and amended on January 1, 2022 (AB175), under SB 1079 foreclosing parties are required to follow these new provisions prescribed in the amended bill for single-family residences. See id.

[3] A list of "eligible tenant buyers" and "eligible bidders" is contained in Civ. Code §§ 2924m(a)(2) and (a)(3), respectively.

[4] Under the amended California law, in order to purchase the property, an eligible tenant buyer or eligible bidder must deliver a written notice of intent to place a bid to the trustee "no more than 15 days after trustee's sale" and must submit a bid "no more than 45 days after the trustee's sale." Civ. Code §§ 2924f(b)(8)(A) and 2924m(c)(3)-(4). If the prospective owner occupant is the last and highest bidder at the trustee's sale, the sale is final. Civ. Code § 2924m(c)(2). Otherwise, an eligible tenant buyer may purchase the foreclosed property by matching the last and highest bid price placed at the auction. Civ. Code §§ 2924f(b)(8)A) and 2924m(c)(4). An eligible bidder must exceed it. Civ. Code §§ 2924f(b)(8)(A) and 2924m(c)(4).

Under the amended statute, if an eligible tenant buyer or eligible bidder provides notice of intent to submit a bid within 15 days after the sale, the trustee must wait to record the deed on sale to determine if an eligible bid is received. As a result, the statute extends the time for relation back of the recordation to 60 days. A trustee's sale is deemed perfected as of 8:00 a.m. on the actual date of sale if the trustee's deed is recorded within 60 days after the sale. If the foreclosure sale purchaser fails to record its deed within 60 days of the sale, the perfection will not relate back to the date of the sale.

Several decisions have considered the validity of a prepetition trustee's sale where recordation of the trustee's deed occurs postpetition, and have affirmed the validity of the sales. In the seminal case, In re BebenseeWong, 248 B.R. 820 (9th Cir. BAP 2000), a creditor conducted a foreclosure sale before the debtor filed her bankruptcy case. Two days after the bankruptcy was filed, the trustee's deed on sale was recorded. The trustee's deed was recorded postpetition but within 15 days of the sale.[5] The BAP affirmed the bankruptcy court's grant of relief from the automatic stay. The BAP held that the relation back effect of Civil Code § 2924h(c) operated to perfect the sale on the actual date of the sale notwithstanding the postpetition recordation of the deed and therefore did not violate the stay. See id. at 822-23 (sections 362(b)(3) and 546(b) specifically permit post-petition perfection of interests in property when "generally applicable law ... permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection" quoting In re Stork, 212 B.R. at 971); see also In re Garner, 208 B.R. ,700 (S.D. Cal. 1996) ("The plain language of § 2924h(c) provides that the sale is final when the highest and last bid is accepted. Thus ... the foreclosure sale was final when the bankruptcy petition was filed."). These decisions reason that no violation of the automatic stay occurs due to the "relation back" doctrine found in Civil Code § 2924h(c). Id., see also In re

---

[5] As noted above, the statute has been amended several times to extend the grace period.

Engles, 193 B.R. 23, 27–28 (Bankr. S.D. Cal. 1996) (discussing history and purpose of § 2924h(c)).  As the court in Engles made clear, the purpose of Civil Code § 2924h(c) is to ensure that on facts such as these, a debtor cannot avoid a trustee's sale by filing a bankruptcy petition after the trustee's sale but prior to the date the trustee's deed on sale is recorded. Id.

Hence, the relation back effect of Civil Code § 2924h(c) operates to perfect the trustee's sale on the actual date of sale. In re Bebensee–Wong, 248 B.R. at 823.  If the creditor acts within the statutory grace period, the foreclosure sale is deemed perfected as of 8:00 a.m. on the sale date, notwithstanding the intervening bankruptcy petition.  Id.  The Court concludes that the result should be the same for the expanded 60-day statutory grace period provided in the current version of Civil Code § 2924h(c).   If the recording is done within the statutory grace period, the sale is perfected as of the sale date.

### A. Debtor's Evidentiary Objection to the Declaration of Olivia Reyes is Overruled in Part and Sustained in Part.

Federal Rule of Evidence ("FRE") 803(6) applies to records received by a business from third parties, so long as the following conditions are met: (1) the "records are kept in the regular course of that business;" (2) the business relies upon those records; and (3) the "business has a substantial interest in the accuracy of those records." MRT Const. Inc. v. Hardrives, Inc., 158 F.3d 478, 483 (9th Cir. 1998) citing United States v. Childs, 5 F.3d 1328, 1333–34, 1334 n. 3 (9th Cir. 1993).

Here, Debtor objected to the admissibility of the notices of intent to bid on the basis that that Movant's agent, Olivia Reyes', declaration is insufficient to establish a proper foundation.  Debtor argued that because Ms. Reyes failed to testify that she personally received the notices of intent to bid, she has failed to establish a proper foundation for the admissibility of the notices.

Debtor is wrong. A qualified witness need not be the custodian, the person who created the record, or one with personal knowledge in order for a business record to be admissible under the hearsay exception. Jazayeri v. Ma, 174 Cal.App.4th 301, 322 (2009); 1 Witkin, Cal. Evidence (5th ed. 2012) Hearsay, § 243, p. 1108. "[A] trial judge has broad discretion in admitting business records under Evidence Code section 1271." People v. Dorsey, 43 Cal. App. 3d 953, 961 (1974). Moreover, the criteria for establishing that a document is subject to the business records exception to the hearsay rule may be inferred from the circumstances. Id. "Indeed, it is presumed in the preparation of the records not only that the regular course of business is followed but that the books and papers of the business truly reflect the facts set forth in the records brought to court." Id. (citations omitted).

In this case, the Court infers from the circumstances that the notices of intent to bid are subject to the business records exception to the hearsay rule. The notices were submitted to Ms. Reyes by a third-party during the regular course of business. Ms. Reyes, as an asset manager for Movant, presumably followed the regular course of business in maintaining the notices for Movant's business records. Debtor's objection to the Second Notice is overruled. The Court finds the Second Notice is admissible under FRE 803(6).

However, the Court will sustain Debtor's objection to the admissibility of the First Notice due to the irregularity in the date of the notice as compared to the notary affidavit which was dated three months earlier.

B. Under Civil Code § 2924h(c), Movant's Postpetition Recordation of the Trustee's Deed Relates Back to the Date of the Trustee's Sale.

Applying section 2924h(c) of the Civil Code to the facts of this case, the Court finds that even though the trustee's deed was not recorded until July 21, 2022, the transfer of title to the Property relates back to June 2, 2022, the date of the foreclosure sale. The Second Notice establishes that there was an intent to bid

that triggered the 60-day relation back recording period. The relation back effect of Civil Code § 2924h(c) operated to perfect the trustee's sale on the actual date of sale as it was recorded within the 60-day grace period. Thus, Debtor had no interest in the property at the time of filing of her petition. The Court concludes that the Property was not part of the bankruptcy estate under section 541 and was not subject to the automatic stay. Thus, the transfer did not violate the automatic stay. See In re Bebensee–Wong, 248 B.R. 820.

1. Section 362(d)(1)

Section 362(d)(1) provides that a bankruptcy court can grant relief from the stay "for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" has no clear definition and is determined on a case-by-case basis. In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985). Here, once Movant recorded the trustee's deed, it took title to the Property. The Court finds cause exists to grant relief from the automatic stay under § 362(d)(1) to allow Movant to pursue its state court remedies to obtain possession of the Property as Debtor has no interest in the Property.

2. Section 362(d)(2)

Section 362(d)(2) provides relief from the automatic stay when the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Both elements of the test must be met. See Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984). Here, Debtor did not have any equity in the Property at the time of filing her bankruptcy petition because she no longer held the title to the Property as of the date of filing. And, because Debtor did not own the Property as of the date of filing her bankruptcy petition, the Property cannot be necessary for Debtor's effective reorganization. 11 U.S.C. § 362(d)(2). Accordingly, relief from the automatic stay is granted under section 362(d).

III.   CONCLUSION

Based on the foregoing, the Motion is granted.  A separate order will be entered consistent with this memorandum.

###

Date: December 15, 2022

Julia W. Brand
United States Bankruptcy Judge